IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:07-cr-247-WKW |
| | ) |
| CHAD BRANDON SMITH | ) |
| | ) |

**United States's Response in Opposition to
Defendant's Motion to Withdraw Plea**

The Court should deny Defendant Chad Brandon Smith's Motion to Withdraw his Plea. Smith's only proffered reason for withdrawing his plea–that his admission regarding when he learned the age of the victim was ambiguous–is not true. Moreover, other than this false allegation, Smith has provided no fair and just reason for the Court to allow him to withdraw from his plea, as the Federal Rules of Criminal Procedure require. After entering a knowing and voluntary plea with his counsel's assistance, he should now not be able to withdraw his plea at this late juncture. Furthermore, because the plea transcript itself resolves the issue, no hearing in this matter is necessary.

**I.  Background**

On October 22, 2007, a Grand Jury sitting in the Middle District of Alabama returned a one-count indictment against Smith, charging him with the sexual abuse of a minor (violating 18 U.S.C. §§ 2243(a) and 2246(2)).[1] Then, on January 23, 2008, Smith

---

[1] Doc. #1.

entered a plea of guilty to this charge without a plea agreement.[2]  During the plea hearing Smith was represented by counsel, Michael Petersen of the Federal Defender's Office. The Court then entered an order setting this case for sentencing for Friday, April 18, 2008.[3]  Eleven days before his sentencing, Smith filed a motion to withdraw his plea, claiming that he did not know that the victim of the sexual abuse was a minor.  He should not, however, be permitted to withdraw his plea at this late juncture.

## II.    Argument

### A.    Smith's Only Basis to Withdraw His Plea Is Not True.

Smith's only basis to withdraw his plea is not true.  Smith's argues that he is entitled to withdraw his plea because his admission (regarding when he learned the age of the victim) was ambiguous.  While it is true that during the plea hearing Smith initially claimed that he did not know the victim's age, after he consulted with attorney, Smith's answers regarding his knowledge were no longer ambiguous. It is clear from the record that Smith knew the victim's age and knew exactly what he was doing when he admitted that he knew her age:

| | |
|---|---|
| Mr. Petersen: | Your Honor, if I may proceed with the questioning of my client? |
| The Court: | Please. |
| Mr. Petersen: | Mr. Smith, were you aware that the minor female -- or the female that you engaged in a sexual act with was |

---

[2] Doc. #22.

[3] Doc. #21.

|  |  |
|---|---|
|  | sixteen years -- had not yet turned sixteen? |
| A: | Yes, sir. |
| Mr. Petersen: | Were you, at least at that time, four years older than she? |
| A. | Yes, sir. |
| Mr. Petersen: | At the time of the sexual act, how old were you? If you remember. |
| A. | Twenty-five or twenty-six. |
| Mr. Petersen: | Your Honor, I believe that establishes the knowingly component of the elements of the offense. |
| Ms. Hardwick: | Your Honor, the Government is satisfied that it does satisfy the knowing component. The Government would ask the Court to reaffirm that he's entering this plea voluntarily and on his own. |
| The Court: | Mr. Smith, I don't want you to feel pressured in any way to do this, as I've gone over your right to trial. You have the right to make the decision. Do you understand that, sir? |
| A. | Yes, sir. |
| The Court: | Are you entering the plea voluntarily and knowingly, and are you doing this of your own free will? |
| A. | Yes, sir.[4] |

As a result, any recent claims of ambiguity are entirely self-serving and without

---

[4] Doc 22 at 13-14.

merit.[5]

### B.    Smith Has Provided No Fair and Just Reason to Withdraw His Plea.

Other than his allegation, Smith has provided no fair and just reason to withdraw his plea.  Under Fed. R. Crim. P. 11(d), once the plea has been accepted (and before sentencing) the defendant may only withdraw his plea if he provides the Court with a "fair and just reason for requesting the withdrawal."[6] Smith bears the burden of proving that his reason is "fair and just."[7]

"In determining whether the defendant has met his burden to show a 'fair and just reason,' a district court 'may consider the totality of the circumstances surrounding the plea.'"[8]  In the course of this inquiry, courts consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea."[9]

---

[5] *United States v. Ramos,* 810 F.2d 308, 313 (1st Cir.1987) (noting that a defendant having failed to effectively deny his culpability, the Court will not "give weight to a self-serving, unsupported claim of innocence raised judicially for the first time after the Rule 11 hearing.")

[6]  Fed. R. Crim. P. 11(d)(2)(B).  The District Court may decide what is "fair and just," and its decision will only be reserved if it is arbitrary or unreasonable. *United States v. Cesal*, 391 F.3d 1172, 1179 (11th Cir. 2004); *United States v. McCarty*, 99 F.3d 383 (11th Cir. 1996); *United States v. Johnson*, 89 F.3d 778 (11th Cir. 1996); *United States v. Buckles*, 843 F.2d 469 (11th Cir. 1988).   It does not amount to abuse of discretion when, like here,  a court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea. *United States v. Stitzer,* 785 F.2d 1506, 1514 (11th Cir.1986).

[7] *United States v. Brehm*, 442 F.3d 1291, 1297 (11th Cir. 2006).

[8] *Id.* (citing *Buckles,* 843 F.2d at 471-72).

[9] *Id.* (citations omitted).

"The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are [also] issues for the trial court to decide."[10] Additionally, the Eleventh Circuit has noted that "the longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal."[11]

Smith has failed in his burden. Not only is his only proffered reason to withdraw his plea not true, but also none of the other factors weighs in favor of allowing Smith to withdraw his plea.

**1. Close Assistance of Counsel.** First, Smith closely represented by counsel, and he expressed his satisfaction with his attorney, Michael Petersen, at the change of plea hearing:

| | |
|---|---|
| The Court: | Have you been able to discuss the information contained in [the indictment and the evidence in this case] fully with your counsel and discuss your case fully with him? |
| Smith | Yes, sir. |
| The Court: | Has he answered any questions that you may have about this case? |
| Smith: | Yes, sir. |
| The Court: | Are you fully satisfied with the representation and advice that he's given you? |

---

[10] *Id.* (citations omitted).

[11] *Id.* (citations omitted).

    Smith:       Yes, sir.[12]

**2. Knowing and Voluntary Plea.** Smith's plea was knowing and voluntary. First, Smith affirmed that his plea was knowing and voluntary after a brief recess with his counsel as mentioned above.[13] Also, Smith entered a open plea without a plea agreement.[14] Additionally, Smith was asked a variety of questions to ensure that his plea was knowing and voluntary:

| | |
|---|---|
| The Court: | Has anyone attempted in any way to force you to plead guilty or otherwise threatened you? |
| A. | No, sir. |
| The Court: | Has anyone made any promises or assurances to you of any kind to get you to plead guilty? |
| A. | No, sir. |
| The Court: | Are you pleading guilty of your own free will because you are guilty, and for no other reason, sir? |
| A. | Yes, sir.[15] |

\* \* \*

| | |
|---|---|
| The Court: | Now have you discussed the right to a trial with your counsel? |
| A. | Yes, sir, I have. |

---

[12] Doc. 22 at 3-4.

[13] *See supra* pp. 2-3.

[14] And as a result, Smith cannot claim that he did not understand the terms of a plea agreement.

[15] *Id.* at 5.

| | |
|---|---|
| The Court: | Do you understand that you have the right to plead not guilty to the offense charged against you, and if you persist in that trial you would have the right to a trial by jury? |
| A. | Yes, sir. |
| The Court: | Do you understand at trial you would be presumed to be innocent, and the Government would have to prove your guilt by proof beyond a reasonable doubt, and that burden never shifts to you? |
| A. | Yes, sir. |
| The Court: | Do you understand that you would have the right to the assistance of counsel for your defense at trial, and at every stage of the proceeding, the right to see and hear all witnesses and have them cross examined in your defense, you would have the right on your own part to decline to testify unless you voluntarily elected to do so in your own defense, and you would have the right to compel the attendance of witnesses in your defense. |
| A. | Yes, sir. |
| The Court: | Do you understand that should you decide not to testify or put on any evidence, those facts could not be used against you in any way at all? |
| A. | Yes, sir. |
| The Court: | Do you understand that if you enter aplea of guilty there will be no trial, and you will have given up all of the rights that I described to you associated with a trial? |
| A. | Yes, sir.[16] |

Finally, at the end of the change of plea hearing, Judge Capel determined that Smith had

---

[16] *Id.* at 7-8.

entered a knowing and voluntary plea of guilty and made the following findings:

> The Court:   All right. It's the finding of the Court in the case of *United States of America vs. Chad Smith* that the defendant is fully competent and capable of entering that plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is supported by an independent basis in fact containing each of the essential elements of the offense. The plea is therefore accepted, and the defendant has been adjudged guilty of the offense.[17]

**3. Waste of Resources.** To allow Smith to withdraw his plea on such flimsy grounds now would be a waste of judicial resources. A considerable amount of judicial time and other Government resources have already been expended in Smith's case. A lengthy plea hearing has already been held in which the Magistrate Judge went into excruciating detail to ensure that Smith really wanted to plead guilty. Allowing Smith's withdrawal now would make that lengthy hearing a nullity. Moreover, the Probation Office has now drafted a Presentence Investigation Report, which would have to be rewritten if Smith were permitted to go to trial. Significant additional judicial expenses would be incurred in a trial of this case.

**4. Prejudice.** Finally, if Smith were allowed to withdraw his plea eleven days before his first sentencing date, the Government (and especially the victim in this case) would suffer prejudice. Smith's plea came relatively late. His notice of intent to change plea was filed on January 21, 2008, for a February 4, 2008 trial term. At the time of

---

[17] *Id*. at 14.

learning of this late plea, the previous Assistant United States Attorney advised the witnesses they would not be needed for trial. As a result, the Government has not met with witnesses in months. At this point, the Government is not certain if witnesses can be located (many of whom are in the military) and if they are still available for trial. Additionally, the minor victim of the offense was informed that she would not need to testify and had begun to close this difficult chapter of her life. To require her to testify at trial now would unnecessarily retraumatize her.

### III.   Conclusion

Smith's only reason to withdraw his plea is not supported by the record of his change of plea hearing. Moreover, he has failed to provide any other "fair and just reason" to withdraw his plea at this late juncture. Essentially, Smith's request amounts to him changing his mind as to whether he wants to go to trial. Allowing a withdrawal of a plea on such a whim is unwarranted under the law, is inconsistent with this Court's prior rulings in much more factually compelling scenarios,[18] and should not be permitted.

Smith's motion should be denied and the case should proceed to the sentencing in this case, currently scheduled for May 15, 2008. Furthermore, because the plea transcript itself resolves the issue, no hearing in this matter is necessary.

Respectfully submitted this 18th day of April, 2008,

---

[18] *See United States v. Marshall*, Case No. 03:06-cr-222-WKW (M.D. Ala. 2007) (Watkins, J.) (denying a motion to withdraw a plea after defense counsel admitted that he erroneously advised his client of the potential sentence he would be facing).

        LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to Kevin Butler, Esq.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney