IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:07-cr-0247-WKW [wo] |
| ) | |
| CHAD BRANDON SMITH ) | |

## ORDER

This cause is before the court on Defendant Chad Brandon Smith's ("Smith") Motion to Withdraw Guilty Plea (Doc. # 24) filed on April 7, 2008. The government responded (Doc. # 28) in opposition on April 18, 2008, and the motion is now ripe for consideration. For the reasons set forth below, the defendant's motion (Doc. # 24) to withdraw his guilty plea is due to be denied.

**I.    Facts and Procedural History**

On October 22, 2007, a Grand Jury returned a one-count indictment against the defendant, charging him with sexual abuse of a minor in violation of 18 U.S.C. § 2243(a) and § 2246(2). (Doc. # 1.) The statute makes it a criminal offense for anyone in the territorial jurisdiction of the United States to "knowingly engage[ ] in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging." 18 U.S.C. § 2243(a). The defendant entered a plea of not guilty at his arraignment on November 2, 2007. (Doc. # 8.)

On January 21, 2008, two weeks before his trial was to begin, the defendant filed a notice of intent to change his plea from not guilty to guilty without a plea agreement.

(Doc. # 15.) The Magistrate Judge conducted a change of plea hearing two days later on January 23, 2008, during which the defendant was represented by counsel. After determining the defendant was fully competent and capable of entering his plea, the Magistrate Judge accepted the guilty plea and adjudged the defendant guilty of the charged offense. (Mot. Hr'g Tr. 14:15-23, Jan. 23, 2008.) A sentencing hearing was set for April 18, 2008 (Doc. # 21), but eleven days before the hearing was to take place, the defendant filed his motion to withdraw his guilty plea (Doc. # 24) which necessitated a continuance (Doc. # 27) of the sentencing hearing.

**II.     Discussion**

It should first be noted that "[t]here is no absolute right to withdraw a guilty plea." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). After a plea is accepted and before the sentence is imposed, the Federal Rules of Criminal Procedure allow a defendant to withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Smith's only basis for withdrawing his guilty plea is his contention that "his admission concerning his knowledge of the age of the female in question was, at best, ambiguous as to *when* he found out that she was less than sixteen years of age." (Doc. # 24, at 2.) In determining whether this basis provides a "fair and just reason" for allowing a withdrawal, the court must consider the totality of the circumstances of the plea and consider the following four factors:

> (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether the judicial resources would be conserved;

and (4) whether the government would be prejudiced if the defendant would be allowed to withdraw his plea.

*United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (quoting *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988)). Furthermore, "'[t]he longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal.'" *Id.* (quoting *Buckles*, 843 F.2d at 473). Therefore, Smith's basis must be substantial in light of his three month delay in seeking to withdraw his guilty plea

    1.    <u>**Smith's Basis for Withdrawal**</u>

Smith's claimed basis for permitting the withdrawal of his guilty plea is that it is ambiguous at best as to when he learned the age of the minor. Upon review of the transcript, and the specific discussions over this issue at that time, Smith's present claim that he did not admit to knowing the minor's age at the time of the sexual act is not credible under the totality of the circumstances.

There were two attempts to establish the "knowingly" element of the charged offense. During the first attempt, Smith admitted knowledge of the minor's age but the posture of the questions rendered his answers ambiguous as to when he knew of the minor's age. During the plea colloquy, the following exchange took place between Smith and his counsel:

    MR. PETERSEN:    Mr. Smith, the minor female that we were discussing just a moment ago, did you subsequently learn that she was between the age of twelve and sixteen years old?
    [SMITH]:    Yes, sir.

| | |
|---|---|
| MR. PETERSEN: | Were you at least four years older than that individual? |
| [SMITH]: | Yes, sir. |
| MR. PETERSEN: | At the time you either had engaged in a sexual act with her or attempted to engage in a sexual act with her? |
| [SMITH]: | Yes, sir. |
| MR. PETERSEN: | Your Honor, I believe that meets the elements of the offense. |

(Mot. Hr'g Tr. 10:12-18.) When read literally, his attorney's question, although temporally focused to the time of the sexual act, only seeks confirmation of the numerical difference in their ages and not the timing of *when* he became aware of this difference.

The Magistrate Judge did not rest his hat on this exchange, however. After the government questioned the sufficiency of Smith's admission, the court determined the elements had not been sufficiently established. (*Id.* 12:13-20.) At that point, the court instructed Smith's attorney to ascertain whether he wished to proceed with his plea of guilty or withdraw it. (*Id.*) The court then took a recess to allow Smith and his attorneys time to discuss the very issue which now forms the basis of his motion to withdraw. (*Id.* 13:2-5.) Immediately upon resumption of the hearing, the following exchange took place between Smith and his attorney:

| | |
|---|---|
| MR. PETERSEN: | Mr. Smith, *were you aware* that the minor female — or the female that you engaged in a sexual act with was sixteen years — had not yet turned sixteen? |
| [SMITH]: | Yes, sir. |
| MR. PETERSEN: | Were you, at least at that time, four years older than she? |
| [SMITH]: | Yes, sir. |
| MR. PETERSEN: | At the time of the sexual act, how old were you? If you remember. |
| [SMITH]: | Twenty-five or twenty-six. |
| MR. PETERSEN: | Your Honor, I believe that establishes the knowingly |

4

>           component of the elements of the offense.
> [GOVERNMENT]: Your Honor, the Government is satisfied that it does
>           satisfy the knowing component.

(*Id.* 13:10-23 (emphasis added).)

Significantly, Smith's attorney posed the question of his awareness in the past tense, asking "were you aware" of the minor's age. Smith answered in the affirmative. Within the context of the colloquy, it is clear his attorney was referencing the time of the sexual act when he used the past tense. Under the totality of the circumstances, and considering the extended discussion over the timing of Smith's knowledge and the discussions off the record with his attorneys over this very issue, Smith's new claim that he did not admit to the knowledge component of the offense, which comes three months after pleading guilty, is not credible.

### 2. Close Assistance of Counsel

Smith is represented by three attorneys from the Federal Defenders office. The transcript of the change of plea hearing establishes that Smith enjoyed the close assistance of counsel. One of his attorneys was present at the hearing and he expressed satisfaction with his attorney's representation and advice. (Mot. Hr'g Tr. 4:4-13.) During the hearing, Smith also admitted to having discussed his case with his attorney and that his attorney answered any questions he had. (*Id.*) When the question of when Smith became aware of the minor's age first arose in the hearing – the very basis of his motion to withdraw – the government indicated he had not yet established this element and the court agreed. (*Id.*

5

12:12-17.) At this time, the court recessed in order to allow Smith time to consult with his attorney who was present at the plea colloquy and another of his attorneys who was not present. (*Id.* 12:19-13:5.) After the recess ended, Smith's attorney resumed questioning him about his knowledge of the minor's age. Based on the foregoing, the court finds Smith enjoyed close assistance of counsel and that this factor weighs against allowing withdrawal of his plea.

### 3. **Knowing and Voluntary**

During the plea hearing, Smith answered numerous questions to ensure his plea was knowing and voluntary. (*See id.* 5:7-8:23.) Among the questions he affirmatively answered were questions ensuring he pled of his own free will, that no one attempted to force him to plead guilty, that he had discussed his right to trial with his counsel, that he would be presumed innocent at trial, and if he understood the consequences of giving up his right to trial. (*Id.*) The defendant does not challenge this factor and the court finds his plea was knowing and voluntary.

### 4. **Judicial Resources**

For the three months since Smith filed his notice of intent to change his plea to guilty, the federal judicial system in this district has been proceeding as if there would be no criminal trial and as if a sentencing hearing would be held April 18, 2008. Scarce judicial resources have been spent on Smith's guilty plea through the conduction of a lengthy and detailed plea change hearing, the preparation of a presentence investigation report, and the

continuance of his sentencing hearing. While the presentence report would be required in the event of a conviction, additional resources would be expended in updating the report after trial and the passage of time. These spent resources weigh against allowing Smith to withdraw his plea, especially considering the three month delay in seeking a withdrawal.

### 5. Prejudice to the Government

Finally, Smith's late attempt to withdraw his plea would prejudice the government. Government witnesses were told months ago they would not be needed and, as a result, contacts have not been maintained and it is unknown whether all of them, especially those in the military, are still available for trial. (Doc. # 28, at 9.) Having to re-open its investigation, re-assess the availability of witnesses, and proceed to trial after such a delay prejudices the government and weighs against allowing Smith to withdraw his plea.

## III. Conclusion

The delay in seeking to withdraw his guilty plea, the non-credible basis for seeking withdrawal, and a determination that all the factors weigh against Smith prevent him from establishing a just and fair reason for changing his plea. Therefore, for the reasons set forth above, it is ORDERED that the defendant's motion to withdraw (Doc. # 24) his guilty plea is DENIED.[1]

---

[1] Because the court has already conducted extensive Rule 11 inquiries prior to accepting his guilty plea, the record establishes his basis for withdrawing his plea is not credible. Because the defendant has not requested an evidentiary hearing, and in view of the totality of the circumstances, the court also finds there is no need to hold a hearing on this matter. *Brehm*, 442 F.3d at 1298; *see also United States v. Ross*, 147 Fed. Appx. 936, 939 (11th Cir. 2005) ("[A] hearing is not necessary if the defendant only seeks to 'relitigate representations made by

DONE this 24th day of April, 2008.

                                        /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE

---

himself, his lawyer, and the prosecutor in open court.'" (quoting *United States v. Dabdoub-Diaz*, 599 F.2d 96, 100 (5th Cir. 1979))).