IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO: 2:07-cr-00247-WKW-WC |
| | ) |
| CHAD BRANDON SMITH | ) |
| | ) |
| Defendant | ) |

**DEFENDANT CHAD BRANDON SMITH - SENTENCING MEMORANDUM**

Among other things the court can consider in sentencing is the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. 3553(a); United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). The government has chosen to characterize Mr. Smith as a dangerous sexual predator because he has a similar misdemeanor offense. He married the woman who was the "victim" in that offense. The defense submits he has been mis-characterized.

This case involves a consensual act by both parties. One may argue that the law does not allow consent to sexual intercourse by the person under age 16; however, in a sense, the federal law does allow a defense to the offense, if the defendant can prove by a preponderance of the evidence that he reasonable believed the other person had attained the age of 16 year. 18 U.S.C. § 2243(c)(1). This differs from the treatment of this offense under Alabama Code Section 13A-6-62, which provides no defense of mistake as to age.

The Defendant submits that even though the victim in this case was under sixteen years of age at the time of the offense that her proximity to turning sixteen should be held as mitigating

1

factor. If she had been 17 days older, there would not have been a violation of the law. This offense, from sentencing standpoint, should be treated differently that when the victim was much younger.

Additionally, the court should consider the victim in this case is more mature than a much younger person. She met the Defendant at a public place, she talked to him over the telephone, she apparently invited him into her home. These factors should be distinguished from one where the defendant takes advantage of one who is unable or is too immature to protect herself.

The government wants to treat Mr. Smith because of his previous offense as a sexual predator, as if he were an older man who hangs around a playground enticing children with candy. His previous offense is a misdemeanor, and he married the woman with whom he had the sexual intercourse. This is no indication that Mr. Smith is a dangerous sexual offender under U.S.S.G. 4B1.5(a)(2).

Now, the government also proposes to punish Mr. Smith by taking away his 2 level reduction for acceptance of responsibility for his alleged remarks made in the Montgomery Jail. These remarks, if true, can be attributed to one who was hurt and angry at a perceived injustice. He felt wronged in that was not allowed to withdraw his guilty plea in the case and proceed to trial. Apparently, these were remarks made in anger. Such angry remarks should not be considered as real threats.

The defense submits that considering all of the circumstances that Mr. Smith is being treated way to harshly for offense to which he has pleaded guilty.

Respectfully submitted,

s/Everett M. Urech

2

EVERETT M. URECH
AL BAR NO.: ASB-6693-E44E
Attorney for Defendant
Urech & Livaudais, P.C.
P.O. Drawer 70
510 N. Daleville Ave
Daleville, AL 36322
TEL: (334) 598-4455 FAX: (334) 598-2076
E-Mail: daleattyeu@graceba.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: United States Attorney - Criminal Division, AUSA Chris Snyder, Montgomery, Alabama 36104.

s/Everett M. Urech
EVERETT M. URECH