IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) </br> ) </br> ) |
| v. | )    CR. NO. 2:07-cr-247-WKW </br> ) |
| CHAD BRANDON SMITH | ) </br> ) |

**Sentencing Memorandum in Support of Probation Officer's PSR Calculations**

Pursuant to the Court's June 12, 2008 Order in this case,[1] and to aid the Court at sentencing, the United States files the attached sentencing memorandum in support of the Probation Officer's Presentence Investigation Report. The United States requests that the Court follow the Probation Officer's PSR calculations–they are both factually and legally correct–and overrule Defendant Chad Brandon Smith's objection to his classification as a repeat sex offender.

    **1.    The Probation Officer Correctly Concluded that Smith Is a "Repeat and Dangerous Sex Offender Against Minors."**

The probation officer correctly categorized Smith as a "repeat and dangerous sex offender" under U.S.S.G. § 4B1.5. That Section provides that if Smith committed the offense in this case "subsequent to sustaining at least one sex offense conviction," then his offense level should be increased (in this case to a level 34.)[2] A "sex offense conviction,"

---

[1] Doc. 37.

[2] There is no debate that if this enhancement is applicable, then Smith's new offense level before any adjustment for possible acceptance of responsibility should be 34. *See* U.S.S.G. § 4B1.5(a)(1)(B)(ii) and App. Note 3(A)(i) (defining "offense statutory maximum" as "the maximum term of imprisonment authorized for the instant offense of conviction that is a covered sex crime including any increases under

for the purposes of this case, comes from the repeat offender enhancement statute, 18 U.S.C. §§ 2247(b) and 2426(b), and means an offense "under State law . . .consisting of conduct that would have been an offense [under chapters 117, 109A, or 110 of the U.S. Code] if the conduct had occurred within the special maritime and territorial jurisdiction of the United States . . . ."[3]  Here, Smith's undisputed prior conviction was a state of Alabama conviction for Sexual Misconduct[4] in violation of Ala. Code 13A-6-65.

To determine whether Ala. Code 13A-6-65 qualifies as a prior "sex offense conviction"–and therefore whether Smith will be classified as a repeat and dangerous sex offender–the Court "is generally required to consider only the fact of [the underlying state] conviction and the statutory definition of the prior [underlying state] offense."[5]  This is known as the "categorical approach," and the circumstances under which a court may depart from it are limited,[6] but do exist in this case.  To deviate from the categorical approach, first, the enhancement statue,[7] must based on defendant's prior *conduct* or *crime*, rather than the

---

[18 U.S.C. § 2247(a)]."). Smith was convicted under 18 U.S.C. §2243(a), which has a maximum term of imprisonment of 15 years.  If the enhancement is applied, then the maximum term of imprisonment becomes 30 years.  *See* 18 U.S.C. § 2247(a).

[3] *See* 18 U.S.C. § 2426(b)(1)(B); *see also* U.S.S.G. § 4B1.5 (defining a "sex conviction" as "any offense described in 18 U.S.C. § 2426(b)(1) . . . (B)").

[4] *See* PSR. at ¶ 22.

[5] *United States v. Krawczak,* 331 F.3d 1302, 1306 (11th Cir.2003); *see also Taylor v. United States,* 495 U.S. 575, 602 (1990).

[6] *United States v. Spell,* 44 F.3d 936, 939 (11th Cir.1995); *United States v. Fulford,* 267 F.3d 1241, 1249 (11th Cir.2001).

[7] 18 U.S.C. §§ 2247(b) and 2426(b).

elements of the prior offense. Second, the underlying state offense at issue,[8] must be ambiguous and therefore "encompasse[s] some offenses that would satisfy the enhancement statute and others that would not."[9]

Both elements are met in this case, and Smith therefore should be classified as a repeat and dangerous sex offender. First, the Eleventh Circuit has already determined that the enhancement statute in this case is based on a defendant's prior conduct or crime.[10] Second, Ala. Code 13A-6-65 is ambiguous and encompasses some conduct which would trigger the sentencing enhancement and some which would not. As relevant here, that section provides that a person commits sexual misconduct if:

> (1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by Sections 13A-6-61 and 13A-6-62; or with her consent where consent was obtained by the use of any fraud or artifice; or . . .(3) He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by Sections 13A-6-63 and 13A-6-64.

The commentary to this section notes that this offense is "not concerned with aggravated cases of rape, §§13A-6-61 and 13A-6-62, or sodomy, §§ 13A-6-63 and 13A-6-64; rather it directed toward the more unusual situation where a person has acquiesced to sexual intercourse or deviate sexual intercourse as a result of some fraud, artifice or stratagem."[11]

---

[8] Ala. Code 13A-6-65.

[9] *Fulford*, 267 F.3d at 1249 (citing *Taylor*, 495 U.S. at 602); *Spell*, 44 F.3d at 939-40.

[10] *United States v. Breitweiser*, 357 F.3d 1249, 1254-55 (11th Cir. 2004) (noting that 18 U.S.C. §§ 2247(b) and 2426(b) "focuses on the defendant's conduct, not on the elements of the previous offense.")

[11] Ala. Code § 13A-6-65 at 520 (Lexis Nexis 2005).

It goes on to note that "[i]t is broad enough to include . . . situations where the naivete of the victim or guile of the actor is sufficient to allow the actor to gain sexual access to the person of another. . . [,] the offense of carnal knowledge of a married woman by falsely personating her husband . . . [, and] deviant sexual behavior. . . ."[12]

A person convicted of violating Ala. Code 13A-6-65 therefore may have had sexual contact with a minor, or he may have not. For example, he could have been convicted for sexual activity related to impersonating a husband of an adult wife. Or, he could have been convicted for sexual touching of minor, which did not involve rape, intercourse, or sodomy. Therefore, because "[i]t is not possible to determine from the face of the statute whether a person convicted of [sexual misconduct] has committed conduct sufficient to trigger the sentence enhancements of § 2247,"[13] the Court may look beyond the statutory definition found in Ala. Code 13A-6-65.

A look behind Smith's conviction reveals criminal conduct, which would violate either 18 U.S.C. §§ 2243(a) or 2244(a)(3). On March 8, 2005, L.S. of Montgomery reported to police that Smith had been having sex with her 15-year old daughter. At the time, Smith was 24 years-old. Therefore, because Smith committed an Alabama offense " consisting of conduct that would have been an offense" under either 18 U.S.C. §§ 2243(a) or 2244(a)(3), the Probation Officer has properly categorized him as a "repeat and dangerous sex offender" under U.S.S.G. § 4B1.5.

---

[12] *Id.* at 520-21.

[13] *Breitweiser*, 357 F.3d at 1255.

-4-

Respectfully submitted this the 5th day of August, 2008.

>LEURA G. CANARY
>United States Attorney
>
>/s/ Christopher A. Snyder
>CHRISTOPHER A. SNYDER
>Assistant United States Attorney
>131 Clayton Street
>Montgomery, Alabama 36101-0197
>334.223.7280
>334.223.7135 fax
>christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Everett M. Urech.

>/s/ Christopher Snyder
>CHRISTOPHER A. SNYDER
>Assistant United States Attorney