IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CASE NO: 2:07-cr-00247-WKW-WC |
| ) | |
| CHAD BRANDON SMITH ) | |
| ) | |
| Defendant ) | |

DEFENDANT'S MEMORANDUM CONCERNING
APPLICATION OF SENTENCING ENHANCEMENT
FOR A PRIOR STATE CONVICTION

"Then you should say what you mean," the March Hare went on.

"I do, " Alice hastily replied; "at least I mean what I say, that's the same thing, you know."

"Not the same thing a bit!" said the Hatter. "Why, you might just as well say that "I see what I eat" is the same thing as "I eat what I see!"

*Alice in Wonderland,* Lewis Carroll (Charles Lutwidge Dodgson), (pub.1865)

In analyzing the application of United States Sentencing Guideline (U.S.S.G.) § 4B1.5(a) in this case, the criticism of the (Mad) Hatter to Alice's reasoning provides a proper starting point. Mr. Smith has a previous conviction under Alabama Code § 13A-6-65 for Sexual Misconduct. Does the conviction for that offense trigger the sentence enhancements found at U.S.S.G. § 4B1.5(a)? Mr. Smith contends that it does not.

U.S.S.G. § 4B1.5(a) implements 18 U.S.C. § 2247(a). That statute is triggered when a defendant has a prior sex offense conviction. 18 U.S.C. § 2247(b) defines "prior

1

sex offense conviction" as the meaning given to that term in 18 U.S.C. § 2246(b). Examining § 2246(b), the term "prior sex offense conviction" means a conviction under 18 U.S.C., Chapter 117; Chapter 109A, or Chapter 110; or under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in paragraph (1); that is, Chapters 117, 109A, and 110 referred to earlier. Mr. Smith's conviction is under Alabama state law and, therefore, the focus is upon the Alabama statute that is the basis of his conviction. This will be discussed later in this memorandum.

In examining the application of a previous state conviction to enhance a federal sentence the United States Supreme Court has taken a narrow view. It has applied a categorical approach. Taylor v. United States, 495 U.S. 575 (1990). By categorical approach, the court said only look at the fact of the conviction and the statutory definition of the prior offense. It rejected examination of extrinsic evidence to determine the nature of the underlying offense due to "practical difficulties and potential unfairness" of an "approach that would require the sentencing court to engage in an elaborate fact finding process regarding the defendant's prior offense." U.S. v. Bazan-Cervantes, (W.D. Ky. 2005), Criminal Action No. 04-74-C, May 3, 2005, citing Taylor at 601.

That did not end the issue of examination of extrinsic evidence of a defendant's conduct to characterize an prior conviction. Some of the circuit courts of appeal, to include the Eleventh Circuit, have found this categorical approach inapplicable to the

evaluation of former convictions for sentence enhancements. See United States v. Martinez-Candejas, 347 F. 3d 853, 859 (10th Cir. 1003) (holding that Taylor is not a universal rule for all sentencing guideline enhancements) and United States v. Rodriguez-Duberney, 326 F.3d 613 (5th Cir. 2003) (wherein the court rejected the categorical approach because the guideline definition for "drug trafficking offense" did not include the phrase "by its nature", the language that invoked the categorical approach in prior cases). This liberal Rodriguez-Duberney approach has been limited by a subsequent decision of the Fifth Circuit Court of Appeals. In United States v. Gutierrez-Rameriz, 405 F.3d 352 (5th Cir. 2005), the court determined it did not have "carte blanche" authority to consider sources beyond the indictment and jury instructions to determine whether the defendant's prior conviction qualifies for enhancement under the sentencing guidelines.

    The Ninth Circuit has held to the categorical approach in drug trafficking and aggravated felony cases. United States v. Rivera-Sanchez, 247 F.3d 905 (9th Cir. 2001). The Eleventh Circuit applied the categorical approach when evaluating whether an enhancement for a prior conviction was appropriate in United States v. Krawczak, 331 F.3d 1302 (11th Cir. 2003). Since the statute under which the defendant was convicted was unambiguous the district court could not consider the Pre-Sentence Investigation Report or otherwise consider the facts underlying the conviction. Bazan-Cervantes at 6.

    This brings us to United States v. Breitweiser, 357 F.3d 1249 (11th Cir. 2004). In

3

Breitweiser, the court applied a modified categorical approach when deciding on whether to enhance the defendant's sentence for a prior state sexual offense. The district court was permitted to look beyond the judgment of conviction because the sentence enhancements were based on the defendant's prior crime or conduct and the statute was ambiguous, in that it encompassed some offenses that would trigger the enhancement and some that would not. Bazan-Cervantes at 7, citing Breitweiser at 1254.

A closer examination of Breitweiser is crucial to the disposition of the issue in the instant case. In Breitweiser, the defendant was found guilty of abusive sexual contact with a minor in violation of 18 U.S.C. §§ 2244(a)(3) and 2247 and simple assault of a minor in violation of 18 U.S.C. § 113(a)(5). The defendant had a prior conviction in New Jersey of endangering the welfare of a child. The New Jersey statute made it a crime to "engage [ ] in sexual conduct which would impair or debauch the morals of [a] child." N.J. Stat. § 2C:24-4.

In Breitweiser, the circuit court ruled that the district court properly looked past the conviction in determining that it could be used to enhance the sentence. The circuit court noted first, that the sentence enhancement statute focused on the defendant's conduct, not on the elements of the previous offense. Second, they noted the state criminal statute for the prior offense was ambiguous and encompassed some conduct that would trigger the sentence enhancement and some that would not. The court determined it was not possible to determine from the face of the New Jersey statute whether a person convicted of

impairing or debauching the morals of a child has committed conduct sufficient to trigger the sentence enhancements of § 2247. Id. at 1255. The <u>Breitweiser</u> court noted that a person convicted of violating the New Jersey statute may have had sexual contact with a minor, or he may not have. In other words, a defendant who had sexual contact with a minor may have been found guilty of the New Jersey statute and sexual contact with a minor was in violation of one of the federal offenses that would trigger § 2247.

In the instant case, the issue falls upon the wording and meaning of the Alabama statute that is the basis of Mr. Smith's prior conviction. Will a violation of Alabama Code § 13A-6-65 for Sexual Misconduct also be a violation of any federal offense under 18 U.S.C., Chapter 109A, Chapter 110, or Chapter 117?

Let us examine what is and what is not a violation of Alabama Code § 13A-6-65. Then, we shall compare such finding to the applicable federal statutes to determine if any conduct that would be a violation of this Alabama Code section would also be a violation of the applicable federal statutes. Alabama Code § 13A-6-65 is directed towards the more unusual situations where a person has acquiesced to sexual intercourse or deviate sexual intercourse, as a result of some fraud, artifice or stratagem. Commentary § 13A-6-65.

This code section also specifically excludes certain conduct. It states:

(a)  A person commits the crime of sexual misconduct if:

   (1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances <u>other than those covered by</u>

>  <u>Sections 13-A-6-61 and 13-A-6-62</u> (emphasis added); or with her consent where consent was obtained by the use of fraud or artifice; or ....
>
>  (3) He or she engages in deviate sexual intercourse with another person under circumstances <u>other than those covered by Sections 13A-6-63 and 13-A-6-64</u> (emphasis added). Consent is not defense to a prosecution under this subdivision.

Section 13-A-6-61 describes rape, first degree. Section A-6-62 describes rape, second degree. Under rape, second degree, it is a crime to have sexual intercourse with a female under 16 years and over the age of 12, if the defendant was at least two years older than the female. As noted above, this section is specifically excluded from Alabama Code § 13A-6-65. In other words, a man who had unforced sexual intercourse with a female under age sixteen may be guilty of a violation of section 13-A-6-62, but he would not be guilty of a violation of Alabama Code § 13A-6-65.

Sections 13A-6-63 describes sodomy, first degree. Section 13-A-6-64 describes sodomy, second degree. A person commits the crime of sodomy, second degree, if

>  (1) He, being 16 years or older, engages in deviate sexual intercourse with another person less than 16 and more than 12 years old.
>
>  (2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being mentally defective. ...

Again, as noted above, this section is specifically excluded from Alabama Code § 13A-6-65. In other words, a man who had unforced deviate sexual intercourse with a female under age sixteen may be guilty of a violation of section 13-A-6-62, but he would not be guilty of a violation of Alabama Code § 13A-6-65.

Alabama Code § 13A-6-65 does not punish sexual contact. The Alabama criminal code has specific sections that concern sexual contact, to wit: § 13A-6-66, sexual abuse, first degree and § 13A-6-67, sexual abuse, second degree. Conduct that would be sexual contact under these Alabama statutes and federal law would not be a violation of Alabama Code § 13A-6-65. Again, the test is whether or not it is possible to determine from the face of Alabama Code § 13A-6-65 whether a person convicted of sexual misconduct in Alabama has committed conduct sufficient to trigger the sentence enhancements of § 2247. Note, the focus is on the conduct as discerned from the face of the statute, not the underlying individual conduct of the defendant.

Now, I shall discuss the federal statutes that a violation of Alabama Code § 13A-6-65 would have to be for Mr. Smith's sentence to be enhanced. In other words, would conduct that violates Alabama Code § 13A-6-65 also be conduct that may violate applicable federal law?

18 U.S.C., Chapter 110 concerns sexual exploitation and other abuse of children. § 2251 concerns the sexual exploitation of children. 2251A concerns the selling or buying of children. § 2252 concerns certain activities relating to the material involving the sexual exploitation of minors and certain activities relating to the material constituting or containing child pornography. None of these offenses are remotely related to Alabama Code § 13A-6-65.

18 U.S.C., Chapter 117, concerns transportation for illegal sexual activity and

related crimes.  § 2421 concerns transporting any individual in interstate or foreign commerce with intent that such individual engage in prostitution or in any activity for which a person is charged with a criminal offense.  § 2422 concerns coercion and enticement an individual to travel in interstate or foreign commerce such individual engage in prostitution or in any activity for which a person is charged with a criminal offense.  § 2423(a) concerns transporting a minor in interstate or foreign commerce with intent that such individual engage in prostitution or in any activity for which a person is charged with a criminal offense.  § 2423(b) concerns travel in interstate commerce or a U.S. citizen or resident alien who travels in foreign commerce for the purpose of engaging in any sexual act (as defined in section 2246) with a person under the age of 18 years of age that would be a violation of chapter 109A, if the sexual act occurred in special maritime and territorial jurisdiction of the United States.  § 2424 concerns filing a factual statement about an alien individual.  Again, none of these offenses are remotely connected or pertain to conduct that would be a violation of Alabama Code § 13A-6-65.

      18 U.S.C., Chapter 109A is the chapter that the prosecutor referred to at the previous hearing as being applicable in this case.  That is, for the sentence enhancements to apply, conduct that is a violation of Alabama Code § 13A-6-65 also would have to be conduct that would be a violation of one of the offenses listed in 18 U.S.C., Chapter 109A.  Chapter 109A has five sections that describe violations.  They are:  § 2241, aggravated sexual abuse; § 2242, sexual abuse;  § 2243, sexual abuse of a minor or ward;

§ 2244, abusive sexual contact; and § 2245, sexual abuse resulting in death.

Below, I shall examine each of these federal offenses to determine if Alabama Code § 13A-6-65 is ambiguous and encompasses some conduct which would violate any of these offenses. The test is would it be impossible to determine from the face of Alabama Code § 13A-6-65 whether a person convicted of violating such state statute also has committed conduct sufficient to violate any of the offenses listed in Chapter 109A. In other words, if it is possible to determine that a violation of Alabama Code § 13A-6-65 would not be a violation of any of these offenses, then the state conviction cannot be used to enhance the federal sentence.

18 U.S.C. § 2241, aggravated sexual abuse. This section concerns knowingly causing another person to engage in a sexual act by (a) force or threat by (1) by using force, (2) threatening and placing the other person in fear of death, serious bodily injury, or kidnapping ... or (b) by other means (1) rendering on unconscious and engaging in sex act (2) administers a drug, intoxicant, or other similar substance ... . Alabama Code § 13A-6-65 describes no conduct that would be an offense under § 2241.

18 U.S.C. § 2242, sexual abuse. This section concerns knowingly (1) causing another person to engage in a sexual act by placing the other person in fear (other than that described in § 2241) or (2) engages in a sexual act with another person, if that other person is (A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in or communicating unwillingness to engage in that

9

sexual act. Again, Alabama Code § 13A-6-65 describes no conduct that would be an offense under § 2242.

18 U.S.C. § 2243, sexual abuse of a minor or ward. This section concerns knowingly engaging in a sexual act with another who (1) has attained the age of 12 years but not attained the age of 16 years, and (2) who is at least four years younger than the person so engaging. The underlying conduct of the Defendant in his state conviction fits the description of this federal offense; however, conduct that the state statute describes as a violation of Alabama Code § 13A-6-65 does not fit the description of this federal offense. In this case, the Mr. Smith has entered a plea of guilty in his state offense to a totally different offense than his conduct would indicate. Mr. Smith entered a plea of guilty to an offense that specifically excludes his actual conduct. He pled guilty to an offense he did not commit.

However, for purposes of Breitweiser, the focus, in addition to the actual conduct of Mr. Smith, is also on the **conduct described on the face of the Alabama statute** that would trigger the federal statute. Alabama Code § 13A-6-65 does not encompass some conduct that would be a violation § 2243. In fact, Alabama Code § 13A-6-65, as noted above, specifically excludes such conduct. It is possible to determine from the face of the Alabama statute that at person convicted of sexual misconduct in Alabama has not committed conduct sufficient to trigger the sentence enhancements of § 2247 by violating § 2243.

18 U.S.C. § 2244, abusive sexual contact. This section also was argued by government counsel as triggering § 2247. Alabama Code § 13A-6-65 does not punish sexual contact nor does any conduct that is a violation of 13A-6-65 amount to sexual contact, as defined by Alabama or federal law. The Alabama criminal code has specific sections that concern sexual contact, to wit: § 13A-6-66, sexual abuse, first degree and § 13A-6-67, sexual abuse, second degree. Examination of § 2244 shows that it is not violated by the conduct described in Alabama Code § 13A-6-65. Alabama Code § 13A-6-65 does not encompassed some conduct that would be a violation § 2244. It is possible to determine from the face of the Alabama statute that a person convicted of sexual misconduct in Alabama has not committed conduct sufficient to trigger the sentence enhancements of § 2247 by violating § 2244.

18 U.S.C. § 2245, sexual abuse resulting in death by sexual contact. This section clearly is not applicable to the conduct described in Alabama Code § 13A-6-65. Alabama Code § 13A-6-65 does not encompass some conduct that would be a violation § 2245. It is possible to determine from the face of the Alabama statute that a person convicted of sexual misconduct in Alabama has not committed conduct sufficient to trigger the sentence enhancements of § 2247 by violating § 2245.

In conclusion, the (Mad) Hatter was correct. Words have specific meaning and should be used to convey that specific meaning. As Alice, some may want the words to mean what they want to say, but it is the words that have a life of their own. In this case,

11

the government would torture the wording of the state and federal criminal statutes to find ambiguity and encompassment where there is none. It is clear that Mr. Smith has pled guilty in state court to a misdemeanor offense and that the conduct described in that state statute is not ambiguous and does not encompass conduct that would be a violation of any federal offense that would trigger the federal sentencing enhancement statutes. Mr. Smith's actual conduct also may have been a violation of federal law, but that is only one part of the <u>Breitweiser</u> test. The court cannot go behind the statute. That is because the other part of the <u>Breitweiser</u> test, whether the state criminal statute for the prior offense was ambiguous and encompassed some conduct that would trigger the sentence enhancement and some that would not, was not met. It is possible to determine from the face of the Alabama statute whether a person convicted of sexual misconduct has committed conduct sufficient to trigger the sentence enhancements of § 2247, and the determination is that such a person has not committed such conduct.

Therefore, the court should not allow the sentencing recommendation of the probation officer concerning Chapter Four Enhancements.

Dated this the 19th day of August 2008.


                                                    s/Everett M. Urech
                                                  EVERETT M. URECH
                                                  AL BAR NO.: ASB-6693-E44E
                                                  Attorney for Defendant
                                                  Urech & Livaudais, P.C.
                                                  P.O. Drawer 70

          510 N. Daleville Ave
          Daleville, AL 36322
          TEL: (334) 598-4455 FAX: (334) 598-2076
          E-Mail: daleattyeu@graceba.net

## CERTIFICATE OF SERVICE

    I hereby certify that on July 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: United States Attorney - Criminal Division, AUSA Chris Snyder, Montgomery, Alabama 36104.

          s/Everett M. Urech
          EVERETT M. URECH