# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | CR. NO.  2:07-cr-247-WKW |
| **CHAD BRANDON SMITH** | ) ) ) | |

### United States's Supplemental Sentencing
### Memorandum in Support of Sentencing Enhancement

Pursuant to this Court's August 15, 2008 order[1] and in support of the United States's previously filed sentencing memoranda,[2] the United States files this memorandum, which demonstrates that Smith has a prior "sex offense conviction" within the meaning of 18 U.S.C. §§ 2247(b) and 2426(b).  As a result, the Court should classify him as a "repeat and dangerous sex offender" under U.S.S.G. § 4B1.5.

A "sex offense conviction" under 18 U.S.C. §§ 2247(b) and 2426(b) means an offense "under State law . . .consisting of conduct that would have been an offense [under chapters 117, 109A, or 110 of the U.S. Code] if the conduct had occurred within the special maritime and territorial jurisdiction of the United States . . . ." To determine whether Smith's underlying conviction of Sexual Misconduct under Ala. Code § 13A-6-65 qualifies as a prior "sex offense conviction," the Court "is generally required to consider only the fact of [the underlying state] conviction and the statutory definition of the prior [underlying state]

---

[1] Doc. 49.

[2] Docs. 46 and 48.

offense."[3] The Court, however, should depart from this "categorical approach" because "it is impossible to determine from the face of [Smith's] judgment or statute whether [his] prior crime satisfies the enhancement statute."[4] In other words, the relevant statute encompasses some conduct "that would satisfy the enhancement statute [18 U.S.C. §§ 2247(b) and 2426(b)] and other [conduct] that would not."[5] A review of Alabama's Sexual Misconduct statute indeed shows that it encompasses some criminal conduct that would satisfiy the enhancement and some that would not:

---

[3] *United States v. Krawczak,* 331 F.3d 1302, 1306 (11th Cir.2003); *see also Taylor v. United States,* 495 U.S. 575, 602 (1990).

[4] *United States v. Breitweiser*, 357 F.3d 1249, 1255 (11th Cir. 2004).

[5] *United States v. Fulford,* 267 F.3d 1241, 1249 (11th Cir.2001); *United States v. Spell,* 44 F.3d 936, 939-40 (11th Cir.1995).

| TABLE 1. Conduct That Would Trigger the Sentencing Enhancment | | |
|---|---|---|
| **Examples of Conduct[6]** | **Alabama Sexual Misconduct Language** | **Federal Statute & Language** |
| Example #1<br><br>A warden or prison official has consensual anal or oral sex with an adult female inmate in a county jail or state prison. | Ala. Code § 13-6-65(a)(3): "He or she engages in deviate sexual intercourse[7] with another person under circumstances other than those covered by Sections 13A-6-63 and 13A-6-64. Consent is no defense to a prosecution under this subdivision." | 18 U.S.C. § 2243: "Whoever. . . knowingly engages in a sexual act[8] with another person who is (1) in official detention; and (2) under the custodial, supervisory, or disciplinary authority of the person so engaging . . . ." |
| Example #2:<br>A gynecologist working at a county jail or state prison, asks a female inmate, who he is examining and who can not see what he is doing, whether he can insert a test intrument into her vagina. The inmate consents. In fact the doctor, inserts his penis into the inmate. | Ala. Code § 13-6-65(a)(1): "Being a male, he engages in sexual intercourse with a female . . . with her consent where consent was obtained by the use of any fraud or artifice." | 18 U.S.C. § 2243: "Whoever. . . knowingly engages in a sexual act with another person who is (1) in official detention; and (2) under the custodial, supervisory, or disciplinary authority of the person so engaging . . . ." |

---

[6] Example of conduct "that would have been an offense [under chapters 117, 109A, or 110 of the U.S. Code] if the conduct had occurred within the special maritime and territorial jurisdiction of the United States." *See* 18 U.S.C. § 2426(b).

[7] Deviate sexual intercourse is *"*[a]ny act of sexual graficiation between persons not married to each other involving the sex organs of one person and the mouth or anus of another." Ala. Code § 13A-6-60.

[8] In pertinent part the term sexual act means "contact between . . . the penis and the anus . . . , the mouth and the penis, the mouth and the vulva, or the mouth and the anus." 18 U.S.C. § 2246(2)(A)-(B).

| | | |
|---|---|---|
| Example #3<br>A father tells his 17 year-old daughter that if she does not have sexual intercourse with him, he will not pay for her college.<br><br>Example #4<br>A male fast food manager tells his female subordinate that unless she has sexual intercourse with him, he will call Alabama Department of Human Resources to tell them that she is an unfit mother because she has a drug problem. | Ala. Code § 13-6-65(a)(1): "Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by Sections 13A-6-61 and 13A-6-62 . . ." | 18 U.S.C. § 2242<br>Whoever . . . causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping); |

| TABLE 2. Conduct that Would NOT Trigger the Sentencing Enhancment |||
|---|---|---|
| **Examples of Conduct** | **Alabama Sexual Misconduct Language** | **Federal Statute & Language** |
| An adult male has anal sex with his adult female girlfriend. | Ala. Code § 13-6-65(a)(3): "He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by Sections 13A-6-63 and 13A-6-64. Consent is no defense to a prosecution under this subdivision." | **Not** a federal crime under Chapters 109A, 110, or 117 of Title 18. |

Therefore, as these tables demonstrate, it is not possible to determine from the face of the Ala. Code § 13A-6-65 whether Smith has committed conduct sufficient to trigger the sentence enhancements of § 2247. The Court should thus look beyond the statutory definition and classify him as "repeat and dangerous sex offender" under U.S.S.G. § 4B1.5.

Respectfully submitted this 27th day of August, 2008,

          LEURA G. CANARY
          UNITED STATES ATTORNEY

          /s/ Christopher Snyder
          CHRISTOPHER A. SNYDER
          Assistant United States Attorney
          131 Clayton Street
          Montgomery, AL 36104
          Phone: (334) 223-7280
          Fax: (334) 223-7135
          E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on August 27, 2008, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to Everett M. Urech, Esq.

      /s/ Christopher Snyder
      CHRISTOPHER A. SNYDER
      Assistant United States Attorney